**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00057-CMA-NYW

RONNIE R. ROLLAND,

    Plaintiff,

v.

CARNATION BUILDING SERVICES, INC.,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiffs Motion to Amended Complaint Related Back to Correct Caption/Joinder or Designation of a Necessary Party Who is Already Subject of Cliams Presented to Court F R C P 19 and 15 [sic] (the "Motion to Amend"). [#13, filed Feb. 19, 2016]. The undersigned Magistrate Judge considers the Motion to Amend pursuant to the Order of Reference dated February 16, 2016 [#12] and the Memorandum dated February 22, 2016 [#14]. Having considered the Motion to Amend, the applicable law, and the case file, the court respectfully **RECOMMENDS** that the Motion to Amend be **DENIED**.

**BACKGROUND**

Plaintiff Ronnie R. Rolland ("Plaintiff" or "Mr. Rolland") initiated this case by filing a *pro se* Complaint on January 11, 2016. [#1]. Mr. Rolland's Complaint brings claims against Carnation Building Services, Inc. ("Defendant" or "Carnation") for discriminating against him

because of his age and disability and for intentionally terminating him from his job with reckless disregard based on age and disability. [#1 at 3].

Carnation hired Mr. Rolland as a janitor on May 14, 2014, [#1 at 4], and terminated him on July 7, 2014, *see* [#1 at 16]. Mr. Rolland alleges that the reasons that were stated as bases for his termination, including absenteeism, aberrant behavior, argumentativeness, defiance, disruptive conduct, interference with company operations, and "irregular presentation (brushing his teeth with (Ben-Gay) cause a distraction to the work place," were pretextual.[1] [#1 at 5]. Mr. Rolland argues that the real reasons he was terminated were his age and disability. [#1 at 9]. As the bases for his claims, Mr. Rolland cites "Title 1 and V of the (ADA), (ADAAA, Acts; Title IIV of the Age and Disability Act; Federal and State of Colorado Anti-Discrimination Acts and violations and U.S. Constutional Violations.(FEEO) Act." [#1 at 1].

Mr. Rolland was granted leave to proceed in this court *in forma pauperis* on January 12, 2016. [#4]. Carnation has not yet answered or otherwise responded to the Complaint. Carnation's deadline to do so is March 9, 2016. [#15].

On May 19, 2016, Plaintiff filed the present Motion to Amend, requesting leave from the court to docket an amended complaint and add a new defendant. [#13 at 1]. Mr. Rolland would like to join Sharon Morgan, who was Mr. Rolland's supervisor while he was employed by Carnation. [#1 at 1]. Mr. Rolland alleges that Ms. Morgan was responsible for discriminatorily terminating him from his janitorial position at Carnation. [#1 at 1].

---

[1] For the sake of clarity in this Order, the court corrects spelling errors that appeared in the Complaint unless directly quoting from it.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 15(a), party may amend its pleadings once as a matter of course within 21 days after serving it, or the pleading "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." While Rule 15(a)(2) provides that leave shall be freely granted in the interests of justice, a court may deny a motion for leave to amend a complaint when the proposed amendment would be futile. *See Jefferson County Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999); *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp.2d 1056, 1061 (D. Colo. 2009). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias*, 379 F.3d 892, 900 (10th Cir. 2004).

The *in forma pauperis* statute, 28 U.S.C. § 1915, and the Local Rules of this District require a court to evaluate the claims of a party proceeding *in forma pauperis* and dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); D.C.COLO.LCivR 8.1(b).

**ANALYSIS**

This court construes Mr. Rolland's Motion to Amend liberally, as he is proceeding *pro se* in this matter. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, even under

a liberal standard with respect to the technical formalities, a plaintiff must still satisfy the requirements of the substantive law. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Mr. Rolland seeks to amend his Complaint to add Sharon Morgan, his supervisor at Carnation, as a defendant in this action. Mr. Rolland alleges that Ms. Morgan was responsible for his discriminatory termination, which is the subject of the present lawsuit. Mr. Rolland states that although allegations against Ms. Morgan were included in the initial Complaint, she was inadvertently left off the case caption.

The Complaint was served on Carnation on February 17, 2016, *see* [#15], and the Motion to Amend was filed two days later on February 19, 2016, *see* [#13], placing the Motion to Amend within the 21-day window after service for Mr. Rolland to amend the Complaint as a matter of course. Fed. R. Civ. P. 15(a)(1). Nevertheless, the court recommends denying the Motion to Amend. As best the court can tell from Plaintiff's Complaint, he seeks relief under Titles I and V of the ADA and the ADEA. The court notes that Mr. Rolland may also be seeking to pursue a Title VII claim, but this point is unclear because Mr. Rolland references "Title IIV of the Age and Disability Act." [#1 at 1]. The ADA, ADEA, and Title VII are all statutes under which an employer may be held liable; however, these statutes do not also include statutory liability for individual supervisors. *See Park v. TD Ameritrade Trust Co.*, No. 10-cv-02599-BNB, 2010 WL 4608225, at *1 (D. Colo. Nov. 5, 2010); *Shepherd v. U.S. Olympic Comm.*, 464 F. Supp. 2d 1072, 1079-80 (D. Colo. 2006) *aff'd sub nom. Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191 (10th Cir. 2008); *Montez v. Romer*, 32 F. Supp. 2d 1235, 1240 (D. Colo. 1999). Accordingly, the addition of Ms. Morgan as a defendant in this case would be futile. The court

therefore recommends denying the Motion to Amend pursuant to the directive set out in 28 U.S.C. § 1915(e)(2)(B) that the court monitor the case and dismiss frivolous claims.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that Plaintiffs Motion to Amended Complaint Related Back to Correct Caption/Joinder or Designation of a Necessary Party Who is Already Subject of Claims Presented to Court F R C P 19 and 15 [sic] [#13] be **DENIED**.[2]

DATED: February 29, 2016                              BY THE COURT:

                                                      s/Nina Y. Wang_____
                                                      United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).