**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00057-CMA-NYW

RONNIE R. ROLLAND,

    Plaintiff,

v.

CARNATION BUILDING SERVICES, INC.,

    Defendant.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant's Motion for Reconsideration of Order Dated April 8, 2016 (the "Motion for Reconsideration"). [#39, filed Apr. 10, 2016]. The Motion for Reconsideration was referred to the undersigned Magistrate Judge pursuant to the Order of Reference dated February 16, 2016 [#12] and the Memorandum dated April 12, 2016 [#41].

Defendant requests reconsideration of this court's Order dated April 8, 2016 in which this court denied Defendant's request to strike Plaintiff Ronnie Rolland's response in opposition to Defendant's Motion to Dismiss. *See* [#38]. Defendant urges reconsideration of that Order on the basis that Plaintiff's response to the motion to dismiss is verbose and preparing a reply to the response is costly for Defendant. *See generally* [*id.*].

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation omitted). A motion for reconsideration "is not at the disposal of parties who want to rehash old arguments." *Nat'l Bus. Brokers Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D.Colo. 2000) (citations and quotations omitted). Indeed, a motion for reconsideration is appropriate only "when the court has made a mistake not of reasoning but of apprehension" or "if there has been a significant change or development in the law or facts." *Rosenthal v. Dean Witter Reynolds, Inc.*, 945 F.Supp. 1412, 1420 (D. Colo. 1996) (quotations and citations omitted).

Here, Defendant points to no intervening change in the controlling law and no new evidence previously unavailable. Instead, Defendant's argument centers on the premise that preparing a reply to Plaintiff's response is costly and burdensome on Defendant. The court considered this argument in ruling on Defendant's Motion to Strike, and Defendant has presented no new facts in the present Motion for Reconsideration. Indeed, Defendant appears to simply seek to reargue the same points that the court previously found to be unavailing.

As a *pro se* litigant, Plaintiff is afforded more procedural leeway than if he were represented. While Plaintiff's response in opposition to the motion to dismiss totaled 21 pages, which is slightly longer than the 15 pages typically allowed under Judge Arguello's Practice Standards, this court has accepted Plaintiff's brief as filed based on an exercise of discretion that striking the brief would not promote a just, speedy, or inexpensive resolution of this matter. Fed. R. Civ. P. 1. Instead, it seems that striking this pleading with the direction to revise and refile it would only multiply these proceedings, to no practical end. Furthermore, the court specifically

warned Plaintiff that failure to comply with the page limit in the future will result in the offending pleading being stricken.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration of Order Dated April 8, 2016 [#39] is **DENIED**.

DATED: April 13, 2016                BY THE COURT:

                                     s/Nina Y. Wang_____
                                     United States Magistrate Judge